

# OFFICE OF THE ATTORNEY GENERAL OF TEXAS

## AUSTIN

GERALD C. MANN
ATTORNEY GENERAL

Honorable Namoy A. Smith
District Attorney
Sulphur Springs, Texas

Dear Sir:

Opinion No. 0-4807
Re: With respect to the value of
Automobile casings, is the
State bound by ceiling prices?

We are in receipt of your telegram from which we find you wish our opinion as to the applicable statute under which prosecution would now lie for theft of automobile casings, with reference to the question of value. The value of stolen property at the time of the fraudulent taking determines the degree of the offense, that is, whether it is a felony or a misdemeanor, and you seek advice as to the effect of the Federal Price Control Act upon the value of automobile casings, in such resepects.

Article 1421 of the Revised Criminal Statutes of Texas denounces the theft of property of the value of $50.00 or over and makes theft of such property a felony. Article 1422, Revised Criminal Statutes, as amended, makes theft of property under the value of $50.00 a misdemeanor.

Under the terms of Section 902 of the Emergency Price Control Act of 1942, enacted by the 77th Congress of the United States (U. S. C. A., 1942 Supp. Sec. 902, p. 1014), the Price Administrator is authorized under the war power to establish such maximum prices of commodities as he may determine to be generally fair and equitable. By virtue of this authority, the Office of Price Administration of the Federal government has promulgated certain maximum price schedules of both new and used automobile tires and tubes, found by the Administrator to be "fair and equitable". There is no penalty for selling such property under the "ceiling price" thus fixed, but both sale and pruchase in excess of such price is prohibited by the Emergency Price Control Act (U. S. C. A., 1942 Suppl, Sec. 904, p. 1018) and a wilful violator is subject to fine or imprisonment (Ibid., Sec. 925, p. 1022).

We are aware that the rule is well settled in this State, as applied to theft cases, that "value" is the market value of the article of property, if is has such market value; if not, the amount it would cost to replace it, or the individual value. Childress v. State, 92 Tex. Cr. R. 215, 241 S. W. 102, and other cases cited at p. 103 of Vol. 3, Vernon's Ann. Cr. Statutes, as well as Lamb v. State, 133 Tex. Cr. R. 97, 108 S. W. (2d) 1112.

While the question you raise has not been passed upon by our Texas courts, it is the opinion of this department that on any article or merchandise subject to theft, the prosecution should prove the legal market value in the county of the theft. As noted above, the function of the Price Administrator is to determine and fix "fair and equitable" maximum or "ceiling" prices.

The actual value of used automobile casings on the market in a certain locality or county may conceivably to under the maximum price fixed by the Federal Price Administrator. Whether this is so would depend upon the vidence in each case. Regardless of its intrinsic or replacement value, the legal market value of an automobile casing could in no event exceed the maximum price as fixed in the order or schedule of the Price Administrator in effect at the time of the theft. In our opinion cases such as Lamb v. State, supra, apply only to fact situations where there is no market value, of the things stolen.

Yours very truly

ATTORNEY GENERAL OF TEXAS

By  Benjamin Woodall (Signed)
Assistant

BW:GO

APPROVED AUG 31, 1942
Gerald C. Mann
Attorney General of Texas

Approved:   Opinion
Committee
By:   BWB, Chairman